175 Cal.App.4th 1166 (2009)
In re T.M., a Person Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Plaintiff and Respondent,
v.
C.M., Defendant and Appellant.
No. C059898.
Court of Appeals of California, Third District.
July 17, 2009.
*1168 Elaine Forrester, under appointment by the Court of Appeal, for Defendant and Appellant.
Robert A. Ryan, Jr., County Counsel, Lilly C. Frawley, Deputy County Counsel, for Plaintiff and Respondent.

OPINION
CANTIL-SAKAUYE, J.
C.M., mother of the minor, appeals from orders of the juvenile court terminating her parental rights. (Welf. & Inst. Code, §§ 366.26, 395.)[1] Appellant contends the court could not terminate her parental rights because it found that no reunification services were provided to her. We reverse.

*1169 FACTS
The Sacramento County Department of Health and Human Services (DHHS) removed the newborn minor from appellant's custody in August 2007 following appellant's detention on a psychiatric hold pursuant to section 5150. The social worker was unable to contact appellant at the mental health facility and appellant did not contact the social worker prior to the detention hearing in the juvenile court.
According to the jurisdiction/disposition report, appellant called the social worker several times but did not leave any contact information and appellant's whereabouts were unknown. Appellant had ongoing mental health problems and it became apparent during the social worker's investigation that appellant was also abusing drugs. DHHS recommended denial of services to appellant pursuant to section 361.5, subdivision (b)(1), because her whereabouts were unknown and she had failed to come forward to be assessed for services. If appellant did come forward during the next six months, the social worker intended to assess her needs and develop a plan at that time. A declaration of due diligence in the search for appellant was attached to the report.
At the jurisdiction/disposition hearing, there was discussion about whether to make the findings to support denial of services pursuant to section 361.5, subdivision (b)(1) because DHHS intended to offer appellant services if she contacted the social worker. However, the court did adopt the previously recommended findings which supported denial of services pursuant to section 361.5, subdivision (b)(1) and no case plan was developed. The court set a six-month review hearing.
The report for the six-month review hearing stated that a therapist from a psychiatric facility in Fresno contacted the social worker in October 2007 and told the social worker appellant had been a patient there but had been discharged. The therapist was unable to provide contact information for appellant. In November 2007, a public defender from Fresno called and told the social worker appellant was in a locked psychiatric facility. A conservator had been appointed for appellant because she was unable to care for her own basic needs. Prior to establishment of the conservatorship, appellant was placed on multiple psychiatric holds during September and October of 2007.
Because appellant was receiving a broad range of services in the psychiatric facility, no case plan was developed and the social worker simply instructed appellant to comply with her treatment goals. Appellant's counselor reported that appellant had made no progress in treatment since she refused to participate and address her treatment goals. Appellant had been *1170 approved for a year of treatment in the locked facility. Appellant also called the social worker and provided the name of her conservator. The six-month review hearing report recommended termination of services.
Counsel was appointed to represent appellant. At the six-month review hearing, appellant's counsel observed that services were not offered to appellant pursuant to section 361.5, subdivision (b)(1) because appellant's whereabouts were initially unknown. Counsel further stated that no plan was developed when appellant was located because she resided in a facility which provided appropriate services to her. According to counsel, appellant's conservator's assessment was that appellant could not meaningfully participate in services and counsel requested the court to amend the recommended findings and orders to reflect that no services were previously ordered. The court granted the request and made the appropriate changes to eliminate any findings to the contrary.[2] The court set a section 366.26 hearing over appellant's objection. Notice of her right to review the order by writ was mailed to appellant, her conservator, and her guardian ad litem.[3]
The report for the selection and implementation hearing stated there had been no contact between appellant and the minor since the minor was placed in protective custody. Appellant had a new conservator who told the social worker appellant was diagnosed with a psychotic disorder, visitation with the minor would not be constructive and appellant's anger issues might make visits harmful for the minor.
At the hearing, appellant's counsel entered a general objection to termination of parental rights. The court adopted the recommended findings and orders, terminated parental rights, and freed the minor for adoption.

*1171 DISCUSSION
(1) Appellant argues the order terminating parental rights must be reversed because it violated the provisions of section 366.26, subdivision (c)(2)(A). (See also Cal. Rules of Court, rule 5.725(f).)[4] We agree.
(2) Section 366.26, subdivision (c)(2)(A) provides: "The court shall not terminate parental rights if . . . [¶] . . . [a]t each hearing at which the court was required to consider reasonable efforts or services, the court has found that reasonable efforts were not made or that reasonable services were not offered or provided."[5] The juvenile court is required to consider whether the agency has made reasonable efforts at each six-month status review hearing. (§ 366.)
The only such hearing in this case was the six-month review hearing following disposition. At that hearing, "[i]f the child is not returned to his or her parent . . . the court shall determine whether reasonable services that were designed to aid the parent . . . in overcoming the problems that led to the initial removal and the continued custody of the child have been provided or offered to the parent . . . ." (§ 366.21, subd. (e); see also §§ 366.21, subd. (g)(1)(C), 366.22, subd. (a).) Here, reasonable services were not offered because no services were offered pursuant to section 361.5, subdivision (b)(1). Appellant's counsel expressly requested the juvenile court correct the record to so reflect. We view counsel's request and the juvenile court's response as justified and appropriate within the context of the record as a whole. This factual setting does not, however, end the inquiry.
(3) As we have said, section 366.26, subdivision (c)(2)(A) applies when "reasonable services were not offered or provided." On the other hand, dependency law permits the juvenile court to decline to order reunification services under the specific circumstances detailed in section 361.5, subdivisions (b) and (e). The circumstances, with the exception of subdivision (b)(1), describe situations where provision of services is futile or detrimental to the minor, generally where the parent is unable or unwilling to participate *1172 in services or where offering services would place the minor at risk of harm or other detriment. The question is whether the Legislature intended to prevent adoption when any of those circumstances were found to exist and services were not offered. (See Mark N. v. Superior Court (1998) 60 Cal.App.4th 996, 1018 [70 Cal.Rptr.2d 603].) To fully understand the interplay of these two statutes, it is necessary to review the legislative history of section 366.26, subdivision (c)(2)(A).
As originally enacted, section 366.26 did not include the language now found in subdivision (c)(2)(A). (Stats. 1987, ch. 1485, § 47, p. 5638.) The language was added in 1991 as part of a bill making various technical changes to the dependency statutes and adding new provisions regarding services for incarcerated women. (Sen. Bill No. 475 (1991-1992 Reg. Sess.); Stats. 1991, ch. 820, § 5, p. 3648.) At that time, section 366.22, which describes the procedures for 18-month review hearings, included a provision that required the juvenile court to determine that reasonable services were provided to the parent before the court developed a permanent plan for the minor. (Stats. 1989, ch. 913, § 14, p. 3158.) The 1991 amendments deleted that provision of section 366.22 and added subdivision (c)(2)(A) to section 366.26, which barred termination of parental rights, but not other permanent plans, when reasonable efforts were not made or reasonable services were not offered. (Stats. 1991, ch. 820, § 5, p. 3648.)
(4) Section 361.5, which permits denial of services under subdivisions (b) and (e), states that "[i]f the court, pursuant to paragraph (2), (3), (4), (5), (6), (7), (8), (9), (10), (11), (12), (13), (14), or (15) of subdivision (b) or paragraph (1) of subdivision (e), does not order reunification services, it shall . . . determine if a hearing under Section 366.26 shall be set in order to determine whether adoption, guardianship, or long-term foster care is the most appropriate plan for the child . . . ." (§ 361.5, subd. (f).) This subdivision of section 361.5 has not significantly changed (see Stats. 1990, ch. 1530, § 6, p. 7176) since before subdivision (c)(2)(A) was added to section 366.26, and the Legislature is presumed to have been aware of it when amending section 366.26, subdivision (c)(2)(A). (Estate of McDill (1975) 14 Cal.3d 831, 837-838 [122 Cal.Rptr. 754, 537 P.2d 874].) In interpreting the dependency scheme as a whole (DuBois v. Worker's Comp. Appeals Bd. (1993) 5 Cal.4th 382, 388 [20 Cal.Rptr.2d 523, 853 P.2d 978]), and reading the parts to avoid an absurdity (People v. King (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27]), section 366.26, subdivision (c)(2)(A) cannot be read to bar adoption when services are denied pursuant to the subdivisions specified in *1173 section 361.5, subdivision (f). The Legislature could not have intended to abrogate the earlier provisions in section 361.5 which contemplated adoption of a minor when services were not offered to the parent as either being futile or detrimental to the minor.
However, section 361.5, subdivision (b)(1), the basis for the denial of services to appellant, is not listed in section 361.5, subdivision (f) as one of the circumstances which can directly lead to setting a section 366.26 hearing at which adoption may be considered. This does not mean the minor must remain in limbo. Even if reunification is not to occur, permanency is an important consideration for a dependent child. (In re Marilyn H. (1993) 5 Cal.4th 295, 309 [19 Cal.Rptr.2d 544, 851 P.2d 826].) Subdivision (c)(2)(A) of section 366.26 simply bars termination of parental rights when the parent has never been offered services because the parent's whereabouts were unknown or when the agency has not developed a plan or offered reasonable services even though the parent was available. Before termination of parental rights can occur, the law requires the court to find either that services would have been futile or detrimental to the minor under any of the relevant subdivisions of section 361.5, with the obvious exception of subdivision (b)(1), or that the agency at least tried to reunite the family by making reasonable efforts or offering services to the parents. (§§ 366.21, subds. (e), (f), 366.22.)
Here, appellant's counsel insisted the record reflect the true state of affairs, i.e., that services were not offered pursuant to section 361.5, subdivision (b)(1). When appellant's whereabouts became known, three months after the minor's out-of-home placement, the fact should have been brought to the juvenile court's attention so that services could be ordered. (§ 361.5, subd. (d).) This did not occur. The posture of the case at the six-month review hearing was that no services were ordered or offered and no plan was developed. DHHS, in possession of information which might have justified denial of services under several subdivisions of section 361.5, did not raise the issue or seek an order denying services.[6] Because the court neither terminated services, after finding reasonable services had been provided, nor denied them pursuant to a subdivision of section 361.5 which would permit termination of parental rights, it should have limited the scope of the section 366.26 hearing to consideration of only guardianship or long-term foster care. It did not. The error in proceeding to terminate parental rights in the circumstances of this case is not harmless. No opportunity to reunify was ever afforded appellant nor did she have an opportunity to challenge a request to deny her services under any subdivision of section 361.5 which would have supported termination of parental rights. Reversal is required.

*1174 DISPOSITION
The order terminating parental rights is reversed. The case is remanded for a new selection and implementation hearing.
Blease, Acting P. J., and Robie, J., concurred.
NOTES
[1] Hereafter, undesignated statutory references are to the Welfare and Institutions Code.
[2] There is some lack of clarity in the record. The recommended findings attached to the report show the sections relating to efforts by DHHS to provide services and appellant's efforts to comply with services were stricken because services were not ordered and the report itself was corrected to show there was no case plan for the same reason. However, the findings attached to the minute orders show only a modification to the proposed order to show that services were not ordered at the disposition hearing. The court's specific statements in the reporter's transcript make it clear that the efforts findings should also have been stricken in the attachment to the minute order. (People v. Smith (1983) 33 Cal.3d 596, 599 [189 Cal.Rptr. 862, 659 P.2d 1152].)
[3] No petition for extraordinary writ was filed by the guardian ad litem or conservator. Accordingly, the orders entered at the six-month review hearing are final and cannot be challenged in this appeal. (John F. v. Superior Court (1996) 43 Cal.App.4th 400, 404-405 [51 Cal.Rptr.2d 22].)
[4] Respondent, apparently in an abundance of caution, views appellant's claim, in part, as one of error at the review hearing. It is not. Thus, we need not address respondent's arguments regarding writ review, petitions for modification, or substantial evidence to support denial of services.
[5] The subdivision was formerly designated as (c)(2) (Stats. 1991, ch. 820, § 5, p. 3648), however, recent amendments have renamed it (c)(2)(A) (Stats. 2006, ch. 838, § 52). We use the current formulation for clarity.
[6] Respondent's contention that such findings and orders could be inferred from the information made available in the report and from appellant's counsel at the hearing fails since the issues were not properly before the court or considered by it.