Filed 5/29/13  In re L.P. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re L.P., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E057054 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ1200092) |
| v. | OPINION |
| J.K., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Matthew Perantoni, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed with directions.

Diana W. Prince, under appointment by the Court of Appeal, for Defendant and Appellant.

Pamela J. Walls, County Counsel, and Anna M. Deckert, Deputy County Counsel, for Plaintiff and Respondent.

1

This is an appeal by J.K. (mother) from the trial court's order under Welfare and Institutions Code section 366.26[1] terminating her parental rights to her then 12-month-old son, L.P. Mother contends the trial court erred in denying her section 388 petition in which she requested the trial court order reunification services because, although her whereabouts were unknown at the start of the dependency process, mother appeared in court on the date set for the selection and implementation hearing. Therefore, mother contends the trial court was required to provide reunification services to her and that it erred in failing to do so.

We agree with mother that the trial court erred, but do not share her view that ordering reunification services is the only appropriate remedy, as we discuss below. Therefore, we will reverse the order terminating mother's parental rights and remand the matter to the trial court but with options on how to proceed on remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Riverside County Department of Public Social Services (DPSS) filed a section 300 petition on February 3, 2012, with respect to L.P. after mother was arrested in court at a hearing for the child's father who was in custody on a criminal charge. Mother had tried to communicate with father and also appeared to be under the influence of a controlled substance. When mother was bailed out of jail, she picked up L.P. at the home of his paternal grandmother, and left him with her own mother, L.P.'s maternal grandmother.

---

[1] All further statutory references are to the Welfare and Institutions Code.

DPSS contacted the maternal grandmother after receiving a referral that claimed she uses methamphetamine and is an alcoholic.

The maternal grandmother lived in a mobilehome park open to residents 55 years of age and older. The social worker contacted the maternal grandmother and, after discovering she had a warrant for being under the influence of a controlled substance, detained L.P.

DPSS attempted to locate mother but was unsuccessful. When DPSS contacted the infant's father, who was incarcerated, he reported that mother had been seen in Banning. He did not know whether mother was currently using drugs, but acknowledged mother had in the past used methamphetamine. Mother had failed to appear for her most recent court hearing.

DPSS had not located mother and she did not appear at the detention hearing on February 6, 2012. In the report for the combined jurisdiction and disposition hearing, the social worker reported that mother's whereabouts were still unknown and, therefore, the social worker recommended the trial court deny reunification services to mother under section 361.5, subdivision (b)(1).[2] In the interim, DPSS had placed L.P. in the home of a paternal cousin who wanted to adopt the child.

---

[2] Section 361.5, subdivision (b), states, "Reunification services need not be provided to a parent or guardian described in this subdivision when the court finds, by clear and convincing evidence, any of the following: [¶] (1) That the whereabouts of the parent or guardian is unknown. A finding pursuant to this paragraph shall be supported by an affidavit or by proof that a reasonably diligent search has failed to locate the parent or guardian. The posting or publication of notices is not required in that search."

Mother was not present at the combined jurisdiction and disposition hearing on February 29, 2012. At that hearing, the trial court sustained the allegations of the petition, removed L.P. from the custody of his parents, and denied them both reunification services on the grounds stated in the social worker's report. The trial court then set a selection and implementation hearing for June 28, 2012. The trial court directed DPSS to provide notice to mother by publication.

Mother appeared at the selection and implementation hearing on June 28, 2012. Because it was mother's first appearance in the proceeding, the trial court continued the hearing to August 9, 2012. Mother was in court on the continued hearing date and represented by an attorney. Mother's attorney, in the course of stating his appearance on the record, said, "We're here for a .26 hearing, and the Department is aware mother did appear during the first six months, so we're asking for services." After several additional continuances, the trial court conducted the selection and implementation hearing on August 28, 2012.

Mother filed a so-called section 388 petition on August 28, 2012, in which she asked the trial court to change its earlier order denying her reunification services under section 361.5, subdivision (b)(1), and grant her six months of reunification services with L.P. Mother's attorney represented that although DPSS was aware of mother's whereabouts on June 28, 2012, when she appeared in court, the social worker did not give mother any referrals for services. Mother's attorney claimed that DPSS "insisted on a 388 [petition] being filed." Her attorney also purported to acknowledge that although mother was only entitled to services for the length of time remaining based on the time

4

she appeared, she nevertheless was asking for six months. In the attorney's view, because mother's whereabouts became known on June 28, at the very least she was entitled to two months of services.

The trial court denied mother's section 388 petition, noting L.P. had been in the same adoptive home since February and, therefore, it was not in the child's best interest to grant services to mother. The trial court then conducted the selection and implementation hearing and terminated mother's parental rights after finding, among other things, that the trial court had denied reunification services to mother under section 361.5, subdivision (b)(1).

Mother appeals from the order terminating her parental rights.

**DISCUSSION**

Mother contends she was entitled to reunification services as a matter of law under section 361.5, subdivision (d), which provides, "If reunification services are not ordered pursuant to paragraph (1) of subdivision (b) and the whereabouts of a parent become known within six months of the out-of-home placement of the child, the court shall order the social worker to provide family reunification services in accordance with this subdivision."

County counsel concedes that the trial court erred, but it claims the error was in setting the selection and implementation hearing after denying reunification services to mother under section 361.5, subdivision (b)(1). According to county counsel, the trial court should have set a six-month review hearing. To support that assertion, county counsel cites *In re T.M.* (2009) 175 Cal.App.4th 1166, in which the Third District Court

5

of Appeal, in an opinion authored by then appellate court justice and now California State Supreme Court Chief Justice Cantil-Sakauye, effectively held that if a trial court denies reunification services under subdivision (b)(1) of section 361.5, it may not terminate parental rights at the selection and implementation hearing. (*In re T.M.*, at p. 1173.) More particularly, the appellate court noted that section 361.5, subdivision (b), sets out circumstances under which the trial court may deny reunification services at the jurisdiction and disposition hearing. Under section 361.5, subdivision (f), all but one of those circumstances allows the trial court to then set the selection and implementation hearing[3] at which the court may, in turn, choose adoption as the permanent plan. (*In re T.M.*, at pp. 1172-1173.) The one exception to setting the selection and implementation hearing is when the court denies reunification services under section 361.5, subdivision (b)(1), the subdivision at issue in that case and in this appeal, which is the only one not listed in section 361.5, subdivision (f). (*In re T.M.*, at pp. 1172-1173.) The appellate

---

[3] Section 361.5, subdivision (f), in effect in 2012, states, in pertinent part, "If the court, pursuant to paragraph (2), (3), (4), (5), (6), (7), (8), (9), (10), (11), (12), (13), (14), or (15) of subdivision (b) or paragraph (1) of subdivision (e), does not order reunification services, it shall, at the dispositional hearing, that shall include a permanency hearing, determine if a hearing under Section 366.26 shall be set in order to determine whether adoption, guardianship, or long-term foster care . . . is the most appropriate plan for the child . . . ."

6

court reasoned that because section 366.26, subdivision (c)(2)(A),[4] "bars termination of parental rights when the parent has never been offered services," the dependency "law requires the [trial] court to find either that services would have been futile or detrimental to the minor under any of the relevant subdivisions of section 361.5, with the obvious exception of subdivision (b)(1), or that the agency at least tried to reunite the family by making reasonable efforts or offering services to the parents. (§§ 366.21, subds. (e), (f), 366.22.)" (*In re T.M.*, at p. 1173.) If the trial court cannot make either finding, then it may not terminate parental rights. (*Ibid*.) Because the trial court could not make either finding, it could not terminate parental rights and, therefore, its options at the section 366.26 hearing were limited to either guardianship or long-term foster care. (*In re T.M.*, at p. 1173.)

Similarly, the trial court in this case erred when it set the section 366.26 hearing. As previously discussed, section 361.5, subdivision (b)(1), is the only subdivision not listed in section 361.5, subdivision (f), which authorizes the court to proceed directly to setting the selection and implementation hearing. Therefore, the trial court should have set a six-month review hearing under section 366.21, subdivision (e). When mother's whereabouts became known on June 28, 2012, as a result of her appearance in court for the erroneously set selection and implementation hearing, the trial court should have ordered DPSS to provide reunification services to mother under section 361.5,

---

[4] Section 366.26, subdivision (c)(2), states, "The court shall not terminate parental rights if: [¶] (A) At each hearing at which the court was required to consider reasonable efforts or services, the court has found that reasonable efforts were not made or that reasonable services were not offered or provided."

subdivision (d), or the trial court should have conducted a hearing to determine whether any of the other exceptions under section 361.5, subdivision (f), to providing services applied. Absent reunification services, or a finding that an exception to providing services applied, the trial court could not make the findings required under section 366.26, subdivision (c)(2)(A), the statutory prerequisites to termination of parental rights.

Contrary to county counsel's claim, the trial court's error in terminating mother's parental rights "under the circumstances of this case is not harmless. No opportunity to reunify was ever afforded [mother] nor did she have an opportunity to challenge a request to deny her services under any subdivision of section 361.5 [that] would have supported termination of parental rights." (*In re T.M.*, *supra*, 175 Cal.App.4th at p. 1173.) Therefore, the issue is not whether mother would have made progress toward reunification if she had been provided with two months of reunification services; the issue is whether the trial court had statutory authority to terminate mother's parental rights in this case.

The remaining issue we must resolve is the appropriate remedy in this case. In *In re T.M.*, the court reversed the order terminating parental rights and remanded the case for a new selection and implementation hearing at which the trial court would be limited to choosing between guardianship or long-term foster care. (*In re T.M.*, *supra*, 175 Cal.App.4th at p. 1173.) This case differs from *In re T.M.* because mother requested reunification services when she first appeared in court and then again in a section 388 petition. Moreover, the trial court in *In re T.M.* correctly set a six-month review hearing at which the mother could have but did not assert a request for services, whereas the court

8

in this case erroneously set the selection and implementation hearing.  Given the factual and procedural differences, the appropriate remedy in this case is an order directing DPSS to provide reunification services to mother.

Because L.P. was under three years of age on the date of initial removal, mother would have been entitled to six months of court-ordered services from the date of the dispositional hearing.  (§ 361.5, subd. (a)(1)(B).)  That hearing took place on February 28, 2012, and six months from that date would be August 28, 2012.  Therefore, on June 28, 2012, when mother appeared in court, two months remained of mother's six-month reunification period.  Mother is entitled to receive services, at the very least, for those two months.  (§ 361.5, subd. (d).)

Therefore, on remand, the trial court either must conduct a hearing and determine that an appropriate exception to providing reunification services exists under section 361.5, subdivision (b), or it must order DPSS to provide mother with two months of reunification services with L.P.

## DISPOSITION

The order terminating mother's parental rights is reversed.  The matter is remanded to the trial court with directions to either order DPSS to provide mother with reunification services or to conduct a hearing to determine that a valid exception to providing reunification services exists under section 361.5, subdivision (b).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                                                                                J.

We concur:


RAMIREZ
            P. J.


CODRINGTON
                  J.


10