[No. C022634. Third Dist. Mar. 8, 1996.]

JOHN F. et al., Petitioners, v.
THE SUPERIOR COURT OF BUTTE COUNTY, Respondent;
BUTTE COUNTY CHILDREN'S SERVICES DIVISION, Real Party in
Interest.

**COUNSEL**

Robert R. Radcliffe for Petitioners.

No appearance for Respondent.

Susan Minasian, County Counsel, and Robert A. Glusman for Real Party in Interest.

**OPINION**

**SIMS, Acting P. J.**—Petitioners seek an extraordinary writ, pursuant to rule 39.1B of the California Rules of Court, to vacate the order of the respondent court directing that a hearing be held pursuant to Welfare and Institutions Code section 366.26 for the selection and implementation of a permanent

plan.[1] Petitioners phrase their principal contention as whether the respondent court provided them with inadequate reunification services by denying them visitation while imprisoned. We shall conclude that petitioners' contention is a belated attack on the adequacy of the reunification plan itself, and that petitioners have waived the issue by failing to appeal from the final judgment establishing the reunification plan and from orders after judgment reaffirming the denial of visitation.

## I

Petitioners are the parents of two children, Jessika F., born September 2, 1993, and Jennifer F., born August 15, 1991. Petitioners submitted the matter at the jurisdictional hearing, held October 20, 1994, on the allegations of the amended section 300 petitions, as further amended during the hearing. Accordingly, the respondent court sustained the allegations, as relevant, that petitioners "were arrested on charges of sexual abuse as defined in Section 11165.1 of the Penal Code and remain[ed] incarcerated at the Butte County Jail," and were unable to arrange care for their children. (See § 300, subd. (g).)[2]

The social worker's report prepared for the disposition hearing indicated petitioners had entered negotiated pleas to the criminal charges facing them, i.e., John F. pleaded no contest to rape in concert, and Dawn F. pleaded no contest to sexual battery. In exchange, other felony rape charges against petitioners involving a 16-year-old girl were dismissed.

At the conclusion of the disposition hearing on November 17, 1994, the respondent court declared the minors dependent children, adopted the reunification plan proposed by the real party children's services division (CSD), and ordered visitation consistent with the minors' well-being, with the frequency in accordance with the reunification plan, and the time, place and manner to be arranged by CSD. The reunification plan provided for (1) visitation by weekly telephone and/or written correspondence, (2) counseling, and (3) participation in services available in prison. The record does not reflect that petitioners appealed the dispositional order.

---

[1]Further statutory references to sections of an undesignated code are to the Welfare and Institutions Code. Further references to rules are to the California Rules of Court.

[2]Petitioners also admitted allegations that John F. threw one daughter into her stroller, bloodying her nose, struck his other daughter on the buttocks, causing her diaper to split, and was unable to care for the children because of an extensive mental health history and his refusal to take prescribed medication, and further that petitioners were evicted from their home and had been living in their car, placed one daughter in voluntary foster care but then removed her and placed both daughters in the care of John F.'s cousin, but then threatened to terminate their participation in voluntary services and to move to Georgia with the children. (See § 300, subd. (b).)

The social worker's report prepared for the six-month status review hearing indicated, as relevant, that John F. had been sentenced to nine years in prison, was temporarily housed at San Quentin prison, and expected to be transferred to the California Men's Colony in San Luis Obispo, and Dawn F. had been sentenced to four years and was incarcerated in the Northern California Women's Facility in Stockton. At the conclusion of the six-month review hearing on May 4, 1995, the respondent court ordered that reunification services continue for six months, in accordance with a reunification plan essentially identical to the one previously ordered at the disposition hearing. Again, the record does not reflect that petitioners appealed.

On August 10, 1995, Dawn F. filed a petition, pursuant to section 388, to modify the orders regarding visitation to require "contact visits for the Minors and [Dawn F.] and [to] order [CSD] to arrange frequent phone contact between them as well." The respondent court denied the petition after hearing on August 31, 1995. Again, Dawn F. did not appeal.

After a contested 12-month status review hearing on December 19, 1995, the respondent court terminated reunification services and visitation, and set a section 366.26 hearing for April 25, 1996.

Petitioners filed a timely notice of their intent to file a writ petition, pursuant to rule 39.1B(f). The petition and the opposition of CSD have been filed. We shall deny the petition.

II

A. *Denial of In-person Visitation*

■■■ Petitioners contend that, because they were never provided with in-person visitation with the minors during their incarceration, the juvenile court abused its discretion by finding that reasonable reunification services were provided and by refusing to order an additional six months of reunification. Petitioners have waived this contention.

When a juvenile court orders reunification services for incarcerated parents, the court has discretion whether to order telephone contact and/or visitation as part of the reunification plan. (§ 361.5, subd. (e)(1).) The reunification plan is established at the disposition hearing upon the court's order removing the minor from parental custody. (§ 361.5, subds. (a), (e)(1); *Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 248 [19 Cal.Rptr.2d 698, 851 P.2d 1307].)

■■■ "A dispositional order constitutes an appealable judgment. [Citations.] Appellate jurisdiction to review an appealable judgment or order

depends upon a timely notice of appeal. [Citation.] A challenge to the most recent order entered in a dependency matter may not challenge prior orders for which the statutory time limit for filing an appeal has passed. [Citation.]" (*Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 811 [41 Cal.Rptr.2d 731].)

■ "The writ procedure outlined in section 366.26, subdivision (*l*) and implemented in rule 39.1B enables a party, presumably a parent or guardian, to obtain expeditious review of the findings and orders of the juvenile court in setting a section 366.26 hearing. (Rule 39.1B(d).) It does not impact the appealability of a court's prior orders for services; those remain appealable as dispositional and postdispositional orders. (§ 395.) If, however, the parent or guardian does not challenge an order for services in a timely fashion, they [*sic*] may not raise the issue when reunification is terminated. [Citation.] The enactment of section 366.26, subdivision (*l*) and the rule of court does not change this rule of appellate review." (*Steve J. v. Superior Court, supra,* 35 Cal.App.4th at p. 811.)

In *Steve J.,* a petitioner attempted to raise via his rule 39.1B petition the contention that the reunification plan was unreasonable because it required him to participate in parenting classes. The Court of Appeal held the petitioner waived this contention because the reunification plan was adopted in the dispositional order, and the petitioner had neglected to appeal from that order. (*Steve J. v. Superior Court, supra,* 35 Cal.App.4th at pp. 810-811.) The court held in addition that the petitioner waived an argument that reunification services provided during the first six months of the plan were inadequate because the contention was effectively an attack on the finding made at the six-month status review hearing that reunification services were adequate, the six-month status review order was appealable as an order after judgment, and again the petitioner had neglected to appeal. (*Id.* at pp. 811-812.)

■ Here, petitioners are not, in truth, complaining regarding the adequacy of the reunification services. Rather, their complaint is with the respondent court's failure to order in-person visitation as part of the reunification plan. That order was made as part of the November 17, 1994, dispositional order and renewed as part of the May 4, 1995, order at the six-month status review hearing. Finally, the order was repeated (as to Dawn F. only) when the respondent court denied Dawn F.'s petition to modify visitation to require in-person visitation on August 31, 1995. The dispositional order was an appealable final judgment and the subsequent orders were appealable orders after judgment. Petitioners have waived the contention by failing to appeal.

## B. *Denial of a Right to Appeal*

To the extent we can make sense of petitioners' argument, it appears they contend that because subdivision (*l*) of section 366.26 precludes a direct appeal of the order referring the cause for a permanency planning hearing, instead requiring review by extraordinary writ, parents are denied "fundamental rights." Petitioners do not specify what these "fundamental rights" are, other than to indicate that rule 39.1B requires trial counsel to file the petition, and that rule "appears to explicitly recognize the fact that trial counsel may not be experienced in appellate practice" because the rule additionally encourages trial counsel to seek assistance from or consult with attorneys experienced in writ procedures. (See rules 39.1B(h), 1436.5(g); see also § 366.26, subd. (*l*)(3)(D).)[3]

A party may seek review of the findings and order made at the hearing at which the matter is set for a section 366.26 hearing by petition for extraordinary writ, and, if the petition is summarily denied, may obtain a second review of the findings and order on appeal from the order entered at the section 366.26 hearing. (§ 366.26, subd. (*l*).) As we explained in *Joyce G.* v. *Superior Court, supra,* 38 Cal.App.4th at pp. 1510-1511, the extraordinary writ procedure of section 366.26, subdivision (*l*), was adopted by the Legislature on suggestion of the California Supreme Court in *In re Matthew C.* (1993) 6 Cal.4th 386, 400, footnote 13 [24 Cal.Rptr.2d 765, 862 P.2d 765].

"[T]hroughout the years, the Legislature has found, in a variety of settings, that the need for a speedy, final determination of certain discrete issues arising in the course of trial litigation justifies the adoption of statutory provisions permitting a trial court's resolution of such issues to be challenged in an appellate court only through the prompt filing of a petition for extraordinary writ (and not in a subsequent direct appeal of the final judgment rendered in the case). The decisions of the California courts regularly have upheld and applied such legislative measures. [Citations.]" (*Powers* v. *City of Richmond* (1995) 10 Cal.4th 85, 122-123 [40 Cal.Rptr.2d 839, 893 P.2d 1160] (plur. opn. of George, J.).)

 It appears that petitioners contend the above described extraordinary writ procedure denies them a fundamental right to have an appellate attorney

---

[3]In the course of their tangential presentation of this contention, petitioners additionally assert, "According to provisions of Section 366.26(*l*) . . . , parents are precluded from appealing a termination of their parental rights, if the issues are not first raised by writ following the referral hearing, pursuant to Section 366.21." This assertion is incorrect. The failure to file a writ petition challenging the findings made at a hearing at which the matter is set for a section 366.26 hearing only precludes raising issues regarding those findings upon an appeal from the order at the section 366.26 hearing; it does not also preclude the appeal of an order terminating parental rights entered at the section 366.26 hearing. (*Joyce G.* v. *Superior Court* (1995) 38 Cal.App.4th 1501, 1507-1508, fn. 3 [45 Cal.Rptr.2d 805].)

appointed (rather than their court-appointed trial attorney) to represent them in the extraordinary writ procedure. Of course, petitioners cite no authority to support this proposition.

In any event, the contention defies common sense. "The purpose of section 366.26, subdivision (*l*) is to ensure that error in the proceedings underlying the order setting a section 366.26 hearing does not fatally infect that hearing." (*Joyce G.* v. *Superior Court, supra,* 38 Cal.App.4th at p. 1514.) That purpose is carried out by an accelerated procedure designed to provide for the preparation of the record, briefing, and decision within 120 days, the statutory deadline for the setting of the section 366.26 hearing. (§§ 366.21, subds. (e), (g)(3); 366.22, subd. (a); 366.26, subd. (*l*)(3), (4); rules 39.1B, 1436.5.) Trial counsel should be familiar with the issues raised during the hearing at which the matter is set for a section 366.26 hearing, and should thus be in the best position to meet the short deadline for filing the extraordinary writ petition pursuant to rules 39.1B(k) and 1436.5(i).

No special knowledge of writ procedure is required to file the petition. Counsel may use the Judicial Council writ petition form. (Rules 39.1B(i), 1436.5(h).) Counsel need merely summarize the factual basis for the petition, making reference to "specific portions of the record, their significance to the grounds alleged, and disputed aspects of the record," and attach applicable points and authorities. (Rules 39.1B(j), 1436.5(j).) "All petitions shall be liberally construed in favor of their sufficiency. The processing of the petition for writ shall not be delayed or impeded due to technical defects or omissions." (Rule 39.1B(i); see also rule 1436.5(h).)

### DISPOSITION

The petition for extraordinary writ review is denied.

Nicholson, J., and Brown, J., concurred.