Filed 10/29/20  In re J.P. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.P., a Person Coming Under the Juvenile Court Law. | C091279 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, Plaintiff and Respondent, v. S.Y., Defendant and Appellant. | (Super. Ct. No. JD239697) |

At the conclusion of a contested six-month review hearing pursuant to Welfare and Institutions Code section 366.21, subdivision (e),[1] the juvenile court made findings and orders returning J.P. (the minor) to the care and custody of S.Y. (mother) and ordering mother to participate in domestic violence perpetrator services.  Mother now

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

contends the juvenile court erred in ordering her to participate in domestic violence perpetrator services. We will affirm the juvenile court orders.

BACKGROUND

On March 8, 2019, the Sacramento County Department of Child, Family and Adult Services (Department) filed section 300 petitions on behalf of the minor and her sibling, who is not part of this appeal. The petitions alleged under subdivision (b) that the parents failed to protect the children by engaging in domestic violence in the presence of the children, and further alleged that during the most recent incident, the parents violated the provisions of domestic violence restraining orders. The minor and her sibling were detained.

The jurisdiction report detailed multiple instances of violence perpetrated by father against mother and instances where both parents violated domestic violence restraining orders by continuing contact and living with each other. The report also described an instance in May 2017 when, according to father, mother grabbed a stick and began hitting him with it. When he took the stick from her, he said mother punched him twice in the mouth. A neighbor said he heard yelling and saw mother punch father two times in the face. The neighbor reported that mother was the aggressor.

Mother and father submitted to jurisdiction and the juvenile court found the allegations in the petition true by a preponderance of the evidence. A contested disposition hearing took place over several days in July 2019. Mother had been participating in services. Mother testified at the hearing and maintained she was never the aggressor in the domestic violence with father, that she had been wrongfully arrested in May 2017 after defending herself with a stick, and that the criminal charges against her relating to the May 2017 incident had been dropped.

The juvenile court issued a written ruling on disposition, ordering the minor and her sibling removed from parental custody and ordering parents to complete reunification case plans. Mother's case plan included parenting education, individual counseling,

2

domestic violence services, and conjoint counseling. In its written ruling, the juvenile court said it heard testimony from several witnesses and found that mother "greatly minimized the level of violence within the family home, the children's exposure to the same, and the extent of harm the children have already suffered as a result." The juvenile court added that it had sustained a petition reflecting that mother was not only a victim of domestic violence, but also engaged in violence against father, and emphasized the importance of the services that would address those issues.

Mother continued to participate in some services. The minor's sibling was returned to mother's custody in November 2019 and the Department recommended the minor be returned to mother at the six-month review hearing. But at the January 14, 2020 six-month review hearing, the juvenile court reiterated its concern that mother had not yet engaged in services to address her violent behavior. Mother argued that any perceived violence on her part had been in response to father's violence and, having now ceased contact with him, she did not believe domestic violence perpetrator services were necessary. The juvenile court replied that it would maintain the need for both perpetrator and victim domestic violence services for each parent because the court did not believe their behavioral patterns had been adequately addressed.

DISCUSSION

Mother contends the juvenile court erred in ordering her to attend domestic violence perpetrator services.

A

However, mother's claim is forfeited. She challenges the juvenile court's dispositional order that outlined, and directed compliance with, her case plan, but she did not object to this aspect of the case plan when it was imposed at disposition. (See *In re Dakota H.* (2005) 132 Cal.App.4th 212, 222 [parties forfeit claims of error if they fail to raise their objection in the dependency court].) In addition, the dispositional order in juvenile dependency matters is an appealable order that becomes final and binding.

3

(*In re S.B.* (2009) 46 Cal.4th 529, 532.)  The jurisdictional findings are also reviewable in an appeal from the dispositional order.  (*In re Tracy Z.* (1987) 195 Cal.App.3d 107, 112.)  It is true that mother appealed from the dispositional order, but she did not contest the jurisdictional findings or challenge her case plan.  Rather, her claims pertained to the removal of the children, and the appeal was dismissed as moot, without objection, when the minor and her sibling were ordered returned to mother's custody.  By failing to assert her current challenge in her appeal from the dispositional order, mother forfeited any complaint she may have regarding the contents or propriety of the case plan.  (See *John F. v. Superior Court* (1996) 43 Cal.App.4th 400, 405.)

B

Even if mother had preserved her instant challenge, her contention would lack merit because the juvenile court did not abuse its discretion in ordering mother to participate in domestic violence perpetrator services.  The record supports the juvenile court's finding that mother was a perpetrator of domestic violence.

"At the dispositional hearing, the juvenile court must order child welfare services for the minor and the minor's parents to facilitate reunification of the family.  (§ 361.5, subd. (a); Cal. Rules of Court, [former] rule 1456(f)(1).)"  (*In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1006.)  "The juvenile court may make 'all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child.'  [Citations.]" *(In re Briana V.* (2015) 236 Cal.App.4th 297, 311.)  " 'The juvenile court has broad discretion to determine what would best serve and protect the child's interests and to fashion a dispositional order accordingly.  On appeal, this determination cannot be reversed absent a clear abuse of discretion.  [Citation.]' [Citation.]"  (*Id.* at p. 311.)

Although the problem the juvenile court seeks to address need not be described in the sustained section 300 petition  (*In re Briana V., supra*, 236 Cal.App.4th at p. 311), here it was described in the sustained petition.  Although mother continued to deny that

4

she was a perpetrator of domestic violence, the juvenile court declined to relitigate that issue at the review hearing, and its finding is supported by the record.

To the extent mother argues the juvenile court should have modified her case plan at the review hearing, the argument lacks merit because she did not file a petition to modify the jurisdictional or dispositional orders.  (§ 388, subd. (a).)  Moreover, as the juvenile court found, there was no new evidence or information to warrant modification of the prior findings and orders.  (§ 388 [parent may bring a petition for modification of any order of the juvenile court based on new evidence or changed circumstances and showing the proposed modification may be in child's best interests].)

## DISPOSITION

The orders of the juvenile court are affirmed.


_____/S/_____
MAURO, J.



We concur:



_____/S/_____
BLEASE, Acting P. J.



_____/S/_____
DUARTE, J.